FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 14 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

RICARDO MONCRIEFFE,

Defendant.

09-CR-711

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

Ricardo Moncrieffe was originally sentenced by this court on August 18, 2010 to one year and one day of incarceration and three years of supervised release for possession of a Titan Tiger .38 caliber revolver, a Titan .25 caliber semiautomatic, and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).

On January 16, 2014, Moncrieffe pled guilty to a single charge violation of a condition of supervised release. The charge alleged that on August 18, 2013 he violated the mandatory condition that he not commit another federal, state or local crime. Moncrieffe was deported on March 7, 2013. Six weeks later, August 18, 2013, he was arrested in the Southern District of California for illegal re-entry.

The violation is classified as Grade C. *See* U.S.S.G. 7B1.1(a)(2). The defendant's criminal history category at the time he was originally sentenced was II, yielding a guidelines range of imprisonment for the violation of between four and ten months.

Moncrieffe was sentenced on January 16, 2014 to six months of incarceration. He will be deported after he serves his term. Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Moncrieffe illegally entered the United States to provide financial and emotional support to his family. He appears unimproved by supervision. Further federal supervision would not provide any benefit.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: January 21, 2014
Brooklyn, New York